IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

MAT-WAH, INC. AND MARVELOUS §
ENTERTAINMENT, INC. §
 §
v. §
 § CASE NO. 4:08cv438
ENMON ACCESSORIES, LLC, §

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO DISMISS**

Defendant has filed a Motion to Dismiss for Lack of Prosecution or Alternatively Defendant's Motion for Sanctions (Dkt. 62). As set forth below, Defendant's motion is DENIED.

On February 3, 2010, the Court entered an order staying this case pursuant to a suggestion of bankruptcy and directing the parties to file a status report with the Court within 15 days of the resolution of the bankruptcy matters (*see* Dkt. 47). Apparently, the bankruptcy proceedings were dismissed on June 10, 2010. However, no notice of the dismissal of the bankruptcy was filed with this Court in accordance with the February 3, 2010 order. Then, on August 12, 2010, Plaintiffs filed a motion seeking leave to supplement their summary judgment evidence. The Court denied that motion and reminded the parties of the directives of its February 2010 order. No status report was filed by the parties in response to that order. Then, on December 27, 2010, Plaintiffs filed a motion to lift the bankruptcy stay and a status report (*see* Dkts. 60 & 61). Shortly thereafter, Defendant filed its motion to dismiss arguing that Plaintiffs had failed to prosecute their case and that Plaintiffs' failure to comply with this Court's February 2010 order warranted dismissal of their claims, or in the alternative, an award of sanctions against them.

1

Rule 41(b) of the Federal Rules of Civil Procedure permits dismissal of an action or claim if the plaintiff fails to prosecute or to comply with the rules or a court order. FED. R. CIV. P. 41(b). A dismissal with prejudice is "an extreme sanction that deprives the litigant of the opportunity to pursue his claim," and this Court's discretion to dismiss a case for want of prosecution is therefore not unlimited. *Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted); *see also Rogers v. Kroger Co.,* 669 F.2d 317, 320 (5th Cir. 1982) ("The cases in this circuit in which dismissals with prejudice have been affirmed on appeal illustrate that such a sanction is reserved for the most egregious of cases, usually cases where the requisite factors of clear delay and ineffective lesser sanctions are bolstered by the presence of at least one of the aggravating factors."). Courts should dismiss for want of prosecution only where there is a clear record of delay or contumacious conduct by the plaintiff and where lesser sanctions would not prompt diligent prosecution or would be futile. Even when that standard is met, there should usually be at least one "aggravating factor" present to justify dismissal. *Rogers,* 669 F.2d at 320; *but see Sealed Appellant v. Sealed Appellee,* 452 F.3d 415, 418 (5th Cir. 2006) (noting that factors must "usually," but not "always," be present). Aggravating factors can include: (1) the delay was caused by the plaintiff, as opposed to her attorney; (2) the defendant suffered actual prejudice; or (3) the delay was caused by intentional conduct. *Berry,* 975 F.2d at 1191.

In this case, the Court is not satisfied that there has been any showing of contumacious conduct by Plaintiffs. There is no indication that Plaintiffs engaged in "deliberately hostile litigation tactics" during the stay. *Raborn v. Inpatient Mgmt. Partners Inc.*, 278 Fed. Appx. 402, 404-405 (5th Cir. 2008). The Court notes that Plaintiffs' stance in this litigation was precarious shortly prior to

2

the stay of the case. After receiving several extensions and deficiency notices as to their pleadings, Plaintiffs' summary judgment response was ultimately filed after the deadline. However, in a December 23, 2009 order, the Court ruled that it would consider the response filed by Plaintiffs (*see* Dkt. 36). Before the Court could consider the summary judgment pleadings before it, however, the suggestion of bankruptcy was filed and the motions were denied as moot.

Defendant will not be prejudiced by the Court now considering the merits of the case – as it would have had the stay not been invoked. Plaintiffs' failure to comply with the deadline for the final pretrial order in 2009 similarly does not justify dismissal of the case. The purpose of the final pretrial order is to inform *the Court* of the matters before it. While this Court does expect parties before it to comply with deadlines, Plaintiffs' failure to timely submit their pretrial materials in January 2010 has little effect on the status of the case in April 2011.

Any issues regarding Plaintiffs' failure to disclose evidence or failure to comply with their discovery obligations are more appropriately addressed through a motion to strike or motion to compel, when such relief is warranted. Much of the delay in this case appears to be attributable to Plaintiffs' former counsel and there is nothing before the Court to indicate intentional delay tactics by Plaintiffs themselves. *Raymond v. University of Houston*, 275 Fed. Appx. 448, 450 (5th Cir. 2008) (finding no clear record of delay or contumacious conduct where delay was attributable to counsel's negligence). And Defendant cannot be said to have suffered actual prejudice by virtue of the delay in filing the post-bankruptcy status report because it was equally aware of the Court's mandate to notify it of the status of the bankruptcy proceedings and is therefore equally guilty of failing to comply.

Ultimately, the Court declines to dismiss the case because the Order directing the parties to file a status report at the conclusion of the bankruptcy proceedings clearly placed the burden of filing such a report on *both* Plaintiffs and Defendant. Contrary to Defendant's suggestion, the Court's order staying the case did not direct Plaintiffs to "initiate the filing of such report." Dkt 10 at ¶ 1.11. All parties were directed to jointly notify the Court, and all parties failed to do so in a timely fashion. *See* Dkt. 47. To punish Plaintiffs with dismissal now would essentially reward Defendant for the same conduct. The Court declines to grant such relief.

Because the onus of the filing of a joint status report fell equally on Plaintiffs and Defendant, the Court declines to issue any sanctions at this time. However, if Plaintiffs fail to vigorously participate in this case or fail to meet any Court-ordered deadlines, the Court may consider such sanctions in the future.

The Motion to Dismiss for Lack of Prosecution or Alternatively Defendant's Motion for Sanctions (Dkt. 62) is DENIED, and the case will proceed to trial or final disposition. The Court will conduct a status and scheduling conference in this matter on **May 9, 2011 at 1:30 p.m.** at the ***United States Courthouse, 7940 Preston Road, Plano, Texas 75024***. The parties are hereby directed to confer as to an agreed scheduling order prior to the hearing. Trial in this case shall be set no later than February 2012.

**SO ORDERED.**

**SIGNED this 18th day of April, 2011.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE